FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 03, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FRANK MURILLO,
Petitioner,
v.

CHIEF ROBERT GUERRERO,
Respondent.

4:26-cv-05069-SAB

**ORDER DISMISSING ACTION**

Petitioner Frank Murillo, an individual formerly incarcerated at the Benton County Jail, filed an amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on June 9, 2026. ECF No. 5. Petitioner is proceeding *pro se* and *in forma pauperis*. ECF No. 14. Respondent has not been served.

On July 15, 2026, the Court instructed Petitioner to show cause within thirty days why this case should not be dismissed as premature under *Younger v Harris*, 401 U.S. 37, 41, 45 (1971). *Id.* On July 27, 2026, Petitioner notified the Court of a new mailing address in Pasco, Washington. ECF No. 15. On July 28, 2026, the Show Cause Order sent Petitioner at the Benton County Jail was returned as undeliverable. ECF No. 16. On that date, the Order was resent to Petitioner at the address provided and the deadline to show cause was administratively reset to August 27, 2026.

On September 2, 2026, the Court received Petitioner's letter dated August 25, 2026, mailed from the Benton County Jail, stating he would be released on

August 27, 2026. ECF No. 17 at 5. It is unclear what occurred in the interim between July 15, 2026, and August 25, 2026. At this time, the Court will liberally construe the letter as Petitioner's timely Response to the Order to Show Cause. *Id.*

**HABEAS REVIEW**

Habeas petitions brought pursuant to § 2241 are subject to the same screening requirements that apply to habeas petitions brought pursuant to 28 U.S.C. § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) (a district court may "apply any or all of these rules" to any habeas petition). The Court is required to screen the Petition upon receipt to determine whether it is subject to summary dismissal. *See* Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

A state criminal defendant seeking to restrain the pending state proceedings via a federal writ of habeas corpus first must exhaust his state court remedies before presenting his constitutional claims to the federal courts. The exhaustion rule applicable to requests for federal pre-conviction intervention in pending state criminal proceedings is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in § 2254. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–92 (1973); *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir.1980)

Further, *Younger* principles preclude the adjudication of constitutional speedy trial claims prior to conviction when a petitioner raises "a Speedy Trial claim as an affirmative defense to state prosecution." *Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012) (*citing Carden*, 626 F.2d at 83). "[U]nlike the Double Jeopardy Clause, the Speedy Trial Clause, when raised as an affirmative defense, does not embody a right which is necessarily forfeited by delaying review until after trial." *Id.; see also United States v. MacDonald*, 435 U.S. 850, 861 (1978)

(noting that the Speedy Trial Clause does not "encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all"). Here, Petitioner has not demonstrated irreparable injury by the simple fact that he must wait to assert his speedy trial claim on direct appeal in the event he is convicted. *See Carden*, 626 F.2d at 84.

Petitioner argues that the "State was upset" because he would not take a plea deal, and "harrassed me by pushing my courts out further and further out if I did not take a plea to a lesser charge do to the circumstances of the case." ECF No. 17 at 1 (as written in original). He contends, "the same judge who abused his discretion" heard his "motion to dismiss due to speedy trial violations." *Id.* at 1–2. Petitioner asserts, "I would not accept a lesser plea deal. So they denied the motion and pushed court out with an uncertain date of when trail would countinue." *Id.* at 2 (as written in original). He also contends, "Federal prison is a Dangerous place where I could potentail Loose my Life on transfer or in Federal Prison for the time I could be facing." *Id.* (as written in original).

Petitioner recounts his efforts to have charges dismissed and his suicide attempt that resulted in suicide watch. *Id.* at 4. He talks of emotional distress caused by court proceedings. *Id.* He states that he needs "help with an attorney helping getting all the paper work, as well as help guide me, that Im pro-se. so that I can correctly file and document my legal papers as necessary." *Id.* He provides the name of his Federal Public Defender who is representing him concerning his Federal Probation violation. *Id.*

While there is an exception to *Younger* abstention when a petitioner makes a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate[,]" *see Arevalo*, 882 F.3d. at 765–66 (*citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)), Petitioner has not made this showing. The Court cannot infer "bad faith" from the allegations presented.

Irreparable harm exceptions are limited in the pre-trial detainee context. *See Dominguez v. Kernan*, 906 F.3d 1127, 1131 n. 5 (9th Cir. 2018) (*citing Mannes v. Gillespie,* 967 F.2d 1310, 1312 (9th Cir. 1992) ("[a] colorable claim that a state prosecution [would] violate the Double Jeopardy Clause[,]"); *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019) (due process challenge to pretrial detention in a state civil sexually violent predator proceeding). Neither of these circumstances are present here.

Petitioner concedes he filed his federal habeas corpus petition before his state court proceedings concluded. ECF No. 17 at 1. He does not identify the "circumstances of the case" or list what charges are pending against him in state court, although he submitted documents indicating that at least one of Petitioner's pending criminal charges is failure to register as a sex offender in Benton County. *See* ECF No. 5-2 at 52.

The records of this Court show Petitioner has pending federal supervised release violations, to which he admitted violations 1–5 on March 12, 2026. *See* 4:20-cr-06006-SAB, ECF No. 137. The current Revocation Hearing is set for November 10, 2026. *Id.,* ECF No. 142 at 2. The continuation of federal proceedings and Petitioner's potential placement in the federal custody, that he believes might be dangerous, are not the types of "irreparable harm" warranting an exception to *Younger* abstention.

After review of Petitioner's submissions, the Court finds that intervention in his state court proceedings would be inappropriate. There are important state interests at stake in pending criminal prosecutions. Petitioner may challenge his speedy trial claims in state appellate and federal habeas corpus proceedings once his state court remedies are exhausted.

In the absence of any facts showing that Petitioner fully exhausted his speedy trial violation claim to the Washington State Supreme Court, this Court finds that he is not entitled to federal habeas corpus relief at this time. *See* Habeas

Rule 4.

Accordingly, **IT IS HEREBY ORDERED**:

1. This action is dismissed as premature under Habeas Rule 4.

2. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court shall enter this Order, enter judgment, provide copies to Petitioner and **close** the file.

DATED this 3rd day of September 2026.

Stan Bastian
Chief United States District Judge